**IT IS ORDERED as set forth below:**



**Date: March 17, 2022**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>GEORGE WAGNER,<br><br>        Debtor. | Case No. 20-71531-WLH<br><br>Chapter 7 |
| JORDAN E. LUBIN,<br><br>        Plaintiff,<br><br>v.<br><br>FAITH HOLDINGS, AN IRREVOCABLE PRIVATE TRUST, JULIE WAGNER AND GEORGE WAGNER, INDIVIDUALLY AND AS TRUSTEES FOR FAITH HOLDINGS,<br><br>        Defendants. | Adversary Proceeding No. 21-5109 |

<u>**ORDER ON MOTION FOR DEFAULT JUDGMENT**</u>

1

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 14) (the "Motion"). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H), and (O), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

Plaintiff filed the Complaint on October 15, 2021 to avoid a transfer of residential real property from the Debtor to Faith Holdings, an Irrevocable Private Trust ("Faith Holdings") made within a year of the Debtor filing bankruptcy pursuant to section 548, and to recover and preserve the property for the benefit of the Debtor's bankruptcy estate under sections 550 and 551. A summons was issued, and Plaintiff certified a copy of the Complaint and a summons were sent, by United States first class mail and certified mail, to Defendants on December 6, 2021.

Julie Wagner and George Wagner, in their capacity as trustees for Faith Holdings, and Faith Holdings (collectively the "Defaulting Defendants") filed answers pro se. The Court directed the Defaulting Defendants to retain counsel. They did not, and the Court entered an Order Striking Answers of the Defaulting Defendants (Doc. No. 11).

Plaintiff requested entry of default for the Defaulting Defendants' failure to file an answer or otherwise respond to the Complaint as provided by Bankruptcy Rule 7012. On February 24, 2022, the Clerk entered default against (i) Faith Holdings, and (ii) Debtor and Julie Wagner, in their capacity as trustees of Faith Holdings pursuant to Bankruptcy Rule 7055. Plaintiff filed the Motion on February 24, 2022. The Defaulting Defendants had until March 10, 2022 to respond. They failed to file a response; consequently, the Motion is deemed unopposed pursuant to Local Rule 7007-1(c).

Entry of default judgment under Fed. R. Bankr. P. 7055 is discretionary. In re Alam, 314 B.R. 834, 837 (Bankr. N.D. Ga. 2004). "[A] defendant's default does not in itself warrant the

court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A default only admits well-pled allegations of fact and does not admit conclusions of law. Id.

Where there are several defendants, some of whom have defaulted and others who have not, it is appropriate to delay entry of default judgment against the defaulting defendants until the claims against the nondefaulting defendants are resolved. See Frow v. De La Vega, 82 U.S. 552, 554 (1872) ("a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). The Eleventh Circuit has expressed a strong preference for cases to be heard on the merits, Owens v. Benton, 190 F. App'x 762, 763 (11th Cir. 2006), and stated it is "sound policy" to refrain from ruling when defendants are similarly situated to avoid inconsistent judgments. Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) ("when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."); see also In re Hamblen, 2007 WL 7140158 (Bankr. N.D. Ga. May 18, 2007) (reviewing Frow and Gulf Coast Fans). Debtor and Julie Wagner both answered the Complaint in their individual capacities, and the Court finds it prudent to delay entry of default judgment against the Defaulting Defendants until the claims against Debtor and Julie Wagner are resolved.

Accordingly,

**IT IS ORDERED** that the Court will defer entry of judgment against the defaulting defendants.

**END OF DOCUMENT**

3

**<u>Distribution List</u>**

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW,
Atlanta, GA 30303

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
6000 Lake Forrest Drive, NW, Suite 435
Atlanta, GA 30328

Jordan E. Lubin
8325 Dunwoody Place, Bldg. 2
Atlanta, GA 30350

George Wagner
2305 Gardengate Way
Marietta, GA 30067

Julie Wagner
2305 Gardengate Way
Marietta, GA 30067

Faith Holdings, an Irrevocable Private Trust
2305 Gardengate Way
Marietta, GA 30067